FILED
CLERK
6/8/2018 3:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CECILIA JONES,

                        Plaintiff,
                                                MEMORANDUM & ORDER
            -against-                           17-CV-6052(JS)(AYS)

DEUTSCHE BANK; FREMONT INVESTMENT AND
LOAN; OCWEN; LITTON; LEOPOLD & ASSOCIATES;
and HINDSHAW & CULBERTSON & KATZ,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Cecilia Jones, pro se
                    3 Teller Avenue
                    Coram, NY 11727

For Defendants:     No appearances
```

SEYBERT, District Judge:

On October 17, 2017, pro se plaintiff Cecilia Jones ("Plaintiff"), who is no stranger to this Court, filed another Complaint concerning the foreclosure of her home, together with an application to proceed in forma pauperis.[1] (See Docket Entry 2.) The present Complaint is submitted on the Court's general complaint form and is against Deutsche Bank; Fremont Investment and Loan; Ocwen; Litton; Leopold & Associates; and Hindshaw & Culbertson & Katz. For the following reasons, Plaintiff's application to

---

[1] This is Plaintiff's fourth Complaint in this Court seeking relief concerning the state court foreclosure action. See Jones v. Pitts, 14-CV-6076(dismissed by Mem. & Order dated July 2, 2015); Jones v. Tarantino, Jr., 15-CV-5211 (dismissed by Mem. & Order dated September 21, 2016); Jones v. Cty. Clerk of Suffolk Cty., 16-CV-1873 (dismissed by Mem. & Order dated September 23, 2016).

proceed in forma pauperis is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[2]

Plaintiff's present Complaint in this Court stems from Fremont Investment & Loan v. Jones, No. 21128-2007 (N.Y. Sup. Ct. Suffolk Cty.), a state court foreclosure action commenced against Plaintiff (the "Foreclosure Action").[3] On August 13, 2015, an Order granting a judgment of foreclosure and sale was entered in the Foreclosure Action. Fremont Inv. & Loan v. Jones, No. 21128-2007 (N.Y. Sup. Ct. Suffolk Cty. Aug. 13, 2015).

Plaintiff commenced this action, invoking this Court's federal question jurisdiction (see Compl. ¶ II.A.), claiming that her rights under various sections of Title 18 of the United States Code as well as the Americans with Disabilities Act have been violated.

---

[2] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[3] The docket in the Foreclosure Action indicates that Deutsche Bank National has been substituted as the plaintiff. However, Fremont Investment and Loan ("Fremont") was previously the plaintiff in that matter. For ease of reference, the Court will use the caption of Fremont Investment & Loan v. Jones when citing to the Foreclosure Action.

The Statement of Claim alleges, in its entirety, that:[4]

> In January 2017, Sheriff #318 illegally tried to evict us with a stay in place. Sheriff #318 lied to the supervisor, coworkers, DSS, S.C. Police, & people she knew who came to steal our property, 2 white vehicles (truck, load truck) & one red truck. Sheriff #318 & the supervisor broke into the house. When the supervisor checked he was told there was a stay, he made Sheriff #318 put everything back in the house that she threw in the street. Every paperwork we submitted to Judge Andrew Tarantino Jr. he dismissed. Judge Tarantino was the 3rd judge the bank was allowed to got []. When we asked about switching to another judge we were told it was not our right. Judge Tanenbaum dismissed in 2011 because they never returned to Court with proper paperwork. Judge Pitts vacated foreclosure when he realized he had not abandoned our home we had built in 1995. Fremont & the lawyer had put in writing the house was empty. This was at the Supreme Court in Riverhead, N.Y. In NYC Thurgood Marshall state we had not standing because Judge Tarantino Jr. excused all their frauds and criminal acts. I had been led to believe if I claimed bankruptcy I would get a lawyer that was not in contact or afraid of alienating Deutsche Bank to help us. This is untrue.

(Compl. ¶ III.C.) For relief, Plaintiff seeks:

> [A]n extension for 120 days from today October 17, 2017 to remove myself, my family and all our belongings from the only home we had bought. I am ready to leave. I seek time for disability agencies to help me pack, move relocate and get medicine for the relocation and new doctors in the area. I don't intend to ever come back to Suffolk County to visit or live, so the bank does not have to worry about me or my family asking form more time than 120 days from today.

(Compl. ¶ V.)

---

[4] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility

4

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Plaintiff's Claim for Relief is Moot

Without addressing the substance of Plaintiff's claims, given that the sole relief sought by Plaintiff is a 120-day extension of time from October 17, 2017 to vacate the premises, it appears her claims are now moot. Plaintiff expressly alleged that she will not ask for more time than 120 days from October 17, 2017 (Compl. ¶ V) and that she is "ready to leave." Nor has Plaintiff contacted the Court since the October 17, 2017 filing of her Complaint. Thus, it appears that Plaintiff's claims are now moot and, accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE.

CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed <u>in forma pauperis</u> (Docket Entry 2) is GRANTED. However, because Plaintiff's claims are now moot, the Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and to mark this case CLOSED. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff at her last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   June __8__, 2018
         Central Islip, New York